```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF SOUTH CAROLINA
```

Brant Earl Wood,                     )
                                     )
            Plaintiff,                ) C/A No. 6:13-1024-HMH-KFM
                                     )
                                     ) **REPORT AND RECOMMENDATION**
vs.                                  )
                                     )
Amey Lynn Leonard,                   )
                                     )
            Defendant.                )
_____      )

## Background

This *pro se* Plaintiff brings a civil action seeking damages against another individual, Amey Lynn Leonard ("Defendant"). Compl. 2–4. Plaintiff alleges that he resides at 17 Templewood Drive in Greenville, South Carolina, and Defendant resides at 1148 Broadway School Road in Belton, South Carolina. Compl. 2. Without explaining the relationship between them, Plaintiff seems to allege that from 2009 to 2013 Defendant had access to his money and bank accounts. Compl. 3–4. He alleges Defendant was supposed to pay certain monies to a mortgage lender for the Templewood Drive home, but instead she spent the money on herself and caused the home to go into foreclosure. *Id.* Further, he alleges Defendant sold the home to Allen Lee Johnson for $27,500 when it was worth at least $80,000, and she kept the profit for herself. *Id.* Plaintiff alleges after the house was sold he was forced to rent it from the new owner for $270 more than what he had been paying on the mortgage. *Id.* Plaintiff also alleges that Defendant "embezzle[d]" his money from Upstate Federal Credit Union and she used his overdraft protection from First Citizens Bank in the amount of $2,000–$3,000. *Id.*

Plaintiff seeks $175,000 in damages and certain injunctive relief, and he requests that Defendant be required to pay First Citizens Bank $3,000. Compl. 4. Further, he requests the court to notify the proper authorities for an investigation and prosecution of Defendant. *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog*

2

*Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399.  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.*  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

If a plaintiff's complaint raises a federal question, this court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  Here, if Plaintiff seeks to bring a § 1983 claim for violation of his constitutional rights or laws of the United States,

3

as a matter of law and based on the alleged facts, he cannot pursue such a claim. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Allegedly, Defendant is a private individual who lives in Belton, South Carolina and stole or embezzled certain monies from Plaintiff. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir. 2000). In this case, there are no allegations of any facts that could show that Defendant was a state actor or acted in joint activity with a state actor. Thus, Plaintiff does not allege a cognizable claim pursuant to 42 U.S.C. § 1983 that could satisfy federal question jurisdiction.

Of course, federal question jurisdiction may be present if Plaintiff alleges a cognizable claim for violation of another federal law. However, Plaintiff does not rely on a violation of a specific federal statute, and this Court is not aware of a federal statute applicable to Plaintiff's situation.[1] Therefore, Plaintiff does not allege a cognizable federal question claim that would give this Court subject matter jurisdiction over this action.

---

[1] For example, the National Bank Act does not seem applicable to this case. *See Bowen v. Houser*, C/A No. 3:10-2398-MBS, 2011 WL 380455, at *2–6 (D.S.C. Feb. 3, 2011) (discussing when allegations may allege a violation of the National Bank Act).

A plaintiff may raise a state law claim in this Court pursuant to the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and Defendant are domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this court has no diversity jurisdiction over this action.

Lastly, to the extent Plaintiff brings this action because he seeks a criminal prosecution of Defendant based on her alleged illegal actions, this requested relief has no basis in law. Plaintiff cannot have this court prosecute criminal charges against Defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## **Recommendation**

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

April 29, 2013                          s/ Kevin F. McDonald
Greenville, South Carolina           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).